FRANCES E. TASKER *vs.* INHABITANTS OF FARMINGDALE.

Kennebec.    Opinion June 3, 1895.

*Towns.    Way.    Negligence.    New Trial.*

A new trial will be granted where the thoughtless inattention of the plaintiff,— the very essence of negligence,— is the cause of the accident.

The court adheres to its former opinion in this case in 85 Maine, 523.

See *Tasker* v. *Farmingdale*, 85 Maine, 523.

ON MOTION.

The case appears in the opinion.

*A. M. Spear,* for plaintiff.

*Orville D. Baker and Frank L. Staples,* for defendants.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

PER CURIAM. This case came before the Law Court at a former term, upon substantially the same evidence, and was there fully heard and considered. 85 Maine, 523. At that time the court said: "As the plaintiff was driving with two of her children over a road with which she was perfectly well acquainted, having driven over it hundreds of times, she saw an electric car coming. She says that her horse did not appear to be at all alarmed, and that she had him under full control. She, nevertheless, reined her horse out of the road on the opposite side from the car, so as to go as far from it as she could, and the first she knew, her carriage wheel dropped down over the end of a culvert and she and her two children were thrown out. The children were not hurt. But for injuries claimed to have been received by her, she recovered a verdict against the town of Farmingdale for $1150." She has now recovered a second verdict upon the same facts for $1566.66.

The court in the same opinion further says: "We think the verdict is clearly wrong. We cannot doubt that the accident was due entirely to the plaintiff's own thoughtless inattention. The road was smooth and nearly level, and wide enough for three such carriages as the one in which the plaintiff was riding to pass abreast. Her horse was not frightened and she had him under full control. She so testifies. She intentionally and unnecessarily reined him out of the road. It was in the evening, and the kindliest view that we can take of the plaintiff's conduct is that her attention was so absorbed by the electric car that she gave no thought to the danger she might encounter by driving out of the road. She saw the car, but she did not see and did not think of the culvert. Thoughtless inattention — the very essence of negligence — was the cause of the accident."

Upon second argument and further consideration the court considers that its views before expressed must control the case and the verdict be set aside.

*Motion sustained.*